UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELTIC MARINE CORPORATION | CIVIL ACTION |
| versus | NO. 2:11-cv-3005 |
| JAMES C. JUSTICE COMPANIES, INC. | SECTION J |
| | JUDGE BARBIER |
| | MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION TO REOPEN LITIGATION

MAY IT PLEASE THE COURT:

Celtic Marine Corporation ("Celtic Marine") respectfully moves this honorable Court to reopen this litigation in order to enforce settlement and to amend and supplement Celtic Marine's claims against James C. Justice Companies, Inc. ("Justice"). The current deadline for the parties to move to enforce the settlement between them is January 12, 2013. To date, Justice has not complied with the terms of the settlement agreement and there are outstanding amounts owed to Celtic Marine which were to be paid per the terms of the agreement. In addition, per the settlement agreement between the parties, Justice agreed to guarantee all obligations of Kentucky Fuel Corporation ("KFC") under a new contract with Celtic Marine executed as part of the settlement agreement. Justice is in breach of this guarantee. This litigation should be reopened so that Celtic Marine can enforce the settlement between the parties, and to amend and supplement its prior pleadings and claims against Justice.

{N0656637 -}

1

## BACKGROUND

On December 7, 2011, Celtic Marine filed this suit against Justice for breach of Guarantor's Agreements in which Justice guaranteed all obligations owed by Kentucky Fuels Corporation ("KFC") to Celtic Marine under a 2011 Service Agreement and 2011 Spot Contract.[1] By virtue of its Guarantor's Agreements and KFC's failure to fulfill its obligations under the 2011 Service Agreement and the 2011 Spot Contract, Justice owed Celtic Marine $4,581,487.56 in past due freight, shortfall, liquidated damages, demurrage, and other costs at the time this litigation was instituted.

On January 27, 2012, Celtic Marine and Justice advised this Court that they had reached an agreement to settle this litigation. On February 7, 2012, this Court issued an Order of Dismissal in which it dismissed the litigation without prejudice to allow the parties the right, upon a showing of good cause, to seek enforcement of the compromise if it was not consummated within 120 days. (R. Doc. 9.)

Under the terms of the February 1, 2012 Settlement Agreement ("February Settlement Agreement") among Celtic Marine, Justice, and KFC, Justice agreed to pay all outstanding amounts owed to Celtic Marine for the 2011 Service Agreement and 2011 Spot Contract. KFC agreed to pay Celtic Marine all demurrage incurred while KFC's cargo, metallurgical coal, remained on barges for transportation arranged by Celtic Marine. KFC also agreed to enter into the 2012 Annual Service Agreement, No. 12-0139 ("2012 Service Agreement") with Celtic Marine.[2] In the February Settlement Agreement, Justice agreed to guarantee the accruing demurrage payments owed to Celtic Marine. In the February Settlement Agreement, Justice also guaranteed KFC's obligations under the 2012 Service Agreement.

---

[1] R.Doc. 1.
[2] February 1, 2012 Settlement Agreement, Exhibit 1, filed under seal.

At the time the settlement was reached, KFC's cargo remained on 48 barges located in the New Orleans and Baton Rouge areas, and had been on those barges for several months incurring demurrage charges while KFC reportedly sought an offshore buyer for the cargo. As detailed in Celtic Marine's May 24, 2012 Motion for Extension (R. Doc. 10), KFC then ordered several moves of the cargo from Louisiana to Kentucky and West Virginia, and demurrage continued to accrue while the cargo remained on the barges for months after the parties reached their settlement agreement. In connection with the first ordered move, KFC entered into a spot contract ("2012 Spot Contract"), which was guaranteed by Justice.

In September 2012, certain demurrage costs owed to Celtic Marine under the February Settlement Agreement remained unpaid by Justice. Justice also owed Celtic Marine costs under the 2012 Service Agreement and Justice's guarantee thereof, which was executed as part of the February Settlement Agreement. The cargo still remained on at least 15 barges at the time, and there were significant delays in unloading due to the presence of water in the cargo.[3] Further, KFC and Justice owed shortfall costs to Celtic Marine for failing to ship the requisite amount of cargo under the 2012 Service Agreement.

Accordingly, Celtic Marine, KFC, and Justice entered into a second settlement agreement on October 3, 2012 ("October Settlement Agreement") to resolve the dispute. The February Settlement Agreement still remained in full force and effect.[4] The October Settlement Agreement contained a plan for the amounts owed to Celtic Marine to be paid in installments, with the last installment due on December 3, 2012.[5] As the last installment was not due to be paid until after the October 6, 2012 deadline to enforce settlement, Celtic Marine and Justice moved for, and this

---

[3] *See* R. Doc. 10.
[4] October 3, 2013 Settlement Agreement, attached as Exhibit 2 and filed under seal.
[5] Ex. 2.

Court granted, an extension of time until January 12, 2013 to seek enforcement of the parties' compromise.

To date, Celtic Marine has not been paid all of the outstanding amounts owed to it by Justice. This includes demurrage costs owed to it under the February Settlement Agreement, freight, demurrage, and shortfall costs owed under the 2012 Service Agreement (guaranteed by Justice as part of the February Settlement Agreement), and freight, demurrage, and other costs owed under a 2012 Spot Contract which was also guaranteed by Justice. In addition, several barges which carried the cargo at issue in the Complaint still have cargo onboard and continue to accrue demurrage and other related costs, including barge cleaning and facility charges, because neither KFC nor Justice have issued any orders to unload the cargo since September 2012.

KFC also has not shipped any cargo under the 2012 Service Agreement, and accordingly owes Celtic Marine shortfall, which is also owed by Justice by virtue of its Guaranty. The total shortfall owed cannot be completely calculated until the end of the term of the 2012 Service Agreement on March 15, 2013. Finally, as Justice did not timely pay all installments owed under the October Settlement Agreement, Celtic Marine is entitled to seek the full amounts owed to it by Justice, rather than the compromise amount agreed to in the October Settlement Agreement.[6] Celtic Marine now seeks to reopen this litigation to assert these claims against Justice and enforce the settlement between the parties.

## LAW AND ARGUMENT

This Court dismissed the litigation without prejudice for the parties to move to enforce the compromise between them, and the current deadline for the parties to do so is January 12, 2013. Accordingly, Celtic Marine's motion to reopen is timely and appropriate. Federal Rule of Civil Procedure 60(b)(6) "empowers a federal district court to reopen a dismissed suit due to a

---

[6] Ex. 2.

party's breach of a settlement agreement." *Hernandez v. Compania Transatlantica*, 1998 WL 241530 (E.D. La. 1998) (J. Vance).

Under the terms of the February Settlement Agreement, which was intended to resolve the disputed issues addressed in the Complaint (R. Doc. 1), KFC agreed to pay all demurrage costs which continued to accrue for those 48 barges on which cargo was loaded.[7] In the February Settlement Agreement, Justice guaranteed KFC's payment of the accruing demurrage charges.[8] Currently, Justice owes demurrage for fifteen barges which carried, and eight of which continue to carry, the cargo which was at issue in the Complaint. These costs total $507,300.

Celtic Marine respectfully requests that this litigation be reopened so that it may amend its complaint to specify the demurrage damages owed to it by Justice under the February Settlement Agreement and seek summary judgment to enforce that agreement. Celtic Marine also requests that this litigation be reopened so that it can assert claims against Justice for the ongoing and accruing demurrage and other costs owed under the February Settlement Agreement. Finally, Celtic Marine seeks to reopen the litigation in order to assert claims against Justice for other outstanding amounts owed by Justice pursuant to the Agreement, including amounts owed under its guarantee of the 2012 Service Agreement. While some amounts are known at this time, others will not be determinable until after the end of the term of the 2012 Service Agreement on March 15, 2013. All of these issues are related to the initial causes of action asserted in the Complaint against Justice.

Federal Rule of Civil Procedure 15(d) allows the court to permit a party to serve a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Wright and Miller have noted that one of the basic

---

[7] Ex 1.
[8] Ex. 1.

policies of the Federal Rules of Civil Procedure is "that a party should be given every opportunity to join in one lawsuit all grievances against another party regardless of when they arose." *Wright & Miller*, Federal Practice and Procedure, Civil 3d, §1506 (2010). Further, the rules show that litigation should be reopened when justified under the circumstances. *See* Fed. R. Civ. P. 60(b)(6). Certainly, this is such a situation, as shown below and in the settlement agreements attached as exhibits under seal.

In its Complaint, Celtic Marine asserted claims for costs owed to it by Justice pursuant to the 2011 Service Agreement between Celtic Marine and KFC. Those costs included demurrage which continued to accrue for 48 barges which were loaded with KFC's cargo at the time suit was filed. When the parties agreed to resolve the dispute as it existed in January 2012, KFC agreed to pay for all demurrage which had accrued and which would continue to accrue on the 48 barges loaded with its cargo until the cargo was unloaded. Justice guaranteed this payment. To date, a total of $507,300 in demurrage charges, which Justice guaranteed it would pay in the February Settlement Agreement, remains unpaid. Further, eight barges covered by that agreement are still loaded with KFC's cargo and will continue to accrue demurrage until they are unloaded. While those eight barges remain loaded, Celtic Marine will continue to incur charges for barge cleaning, facility usage, and other costs associated with the cargo remaining at the facility awaiting unloading. Celtic Marine respectfully requests that this litigation be reopened so that it may amend its complaint against Justice to include the total of these charges and seek payment for all demurrage and other charges which have been or will be accrued for the barges.

In addition, in connection with the effort to resolve the initial dispute between the parties, KFC agreed to enter into the 2012 Service Agreement, and Justice agreed to guarantee all of KFC's obligations under the 2012 Service Agreement. That was a condition of the February

Settlement Agreement, which was intended to resolve this litigation. In September 2012, freight, demurrage, shortfall, and other costs remain unpaid and owed to Celtic Marine under the 2012 Service Agreement. The parties attempted to resolve that dispute through another settlement, the October Settlement Agreement. Those claims remain unresolved, as the amounts which were to be paid pursuant to the October Settlement Agreement were not timely paid. Further, certain costs under the 2012 Service Agreement continue to accrue and cannot be finally calculated until the end date of the agreement.

Although the 2012 Service Agreement was executed after the Complaint was filed, the dispute between Celtic Marine and Justice is so related to the causes of action asserted in the Complaint that the entire dispute between the parties should be resolved in a single action, i.e., the instant litigation. *See Hassoun v. Cimmino*, 126 F.Supp.2d 353, 360 (D.N.J. 2000); *Wright & Miller*, Federal Practice and Procedure, §1506; *see* Fed. R. Civ. P. 15, comments to 1963 Amendment (noting that Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading).

In the interest of justice and judicial economy, Celtic Marine respectfully requests that this Court reopen this lawsuit not only to allow Celtic Marine to amend and assert claims for Justice's failure to consummate the February Settlement Agreement, but also for Celtic Marine to assert claims for amounts owed by Justice under the October Settlement Agreement, and 2012 Service Agreement and the 2012 Spot Contract, by virtue of Justice's guarantee of each contract. At this time, some of the amounts are undeterminable and still accruing, such as costs for ongoing demurrage, facility charges, costs for cleaning the barges after the cargo has been unloaded, and future shortfall. Thus, Celtic Marine also requests that this matter be reopened in order to assert claims for the accruing costs which cannot yet be finalized.

## CONCLUSION

For the reasons set forth herein, Celtic Marine respectfully requests that this honorable Court reopen this litigation and allow Celtic Marine to amend and supplement its claims and pleadings, and move to enforce the settlement between the parties.

Respectfully submitted,

PATRICIA A. KREBS, T.A. (#2035)
MEGAN C. MISKO (#29803)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

Attorneys for Plaintiff, Celtic Marine Corporation

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Court on the CM/ECF system on this 11th day of January, 2013. Notice of this filing will be sent to counsel by either placing a copy of same in the United States mail, certified mail, postage prepaid and properly addressed, or sent by operation of the Court's electronic filing system to those registered parties.