UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELTIC MARINE CORP. | CIVIL ACTION |
| VERSUS | NO: 11-3005 |
| JAMES C. JUSTICE COMPANIES, INC. | SECTION: "J" (2) |

**ORDER AND REASONS**

Before the Court is Defendant James C. Justice Companies, Inc. ("Justice")'s **Motion for Reconsideration (Rec. Doc. 53)**, Plaintiff Celtic Marine Corp. ("Celtic")'s opposition thereto **(Rec. Doc. 58)**, Justice's reply **(Rec. Doc. 61)**, and Celtic's *surreply* to same **(Rec. Doc. 63)**. Justice's motion was set for hearing on May 22, 2013, on the briefs.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based

1

on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). Id.; FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). Id.; FED. R. CIV. P. 60(c). In the present case, Justice's motion was filed on April 23, 2013, which is within twenty-eight days from the March 26, 2013 Order and Reasons that it asks this Court to reconsider. As a result, Justice's motion is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re

Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

    The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

    In the instant case, Justice argues that this Court made a

manifest error of law or fact either by failing to recognize that a question of fact existed as to whether the parties had amended their October Settlement Agreement, or by making an impermissible credibility determination in favor of Celtic, the movant. Likewise, Justice also argues that the Court's determination that the case could be reopened was a manifest error because the Court did not order that the parties be returned to their presettlement status quo. Justice contends that in order to reopen the case, the Court should have required that all settlement amounts paid to Celtic be returned to Justice so that the parties could begin their litigation anew.

    **A.    Evidence of Amendment**

At the time that the Court considered Celtic's original Motion to Enforce the Settlement the following evidence regarding amendment was in front of the Court: (1) an affidavit by James C. Justice, III, the CEO of Justice, stating that an email chain between himself and the CEO of Celtic modified and/or amended the October Settlement Agreement; (2) an affidavit by Robert Bayham, the Executive Vice-President of Celtic, stating that the parties have never modified or amended the October Settlement Agreement; (3) the 2012-2013 email chain between the parties; and (4) the October Settlement Agreement and the corresponding guaranties.

The October Settlement Agreement states that it "embodies the entire understanding and agreement of the parties concerning the resolution of the disputes between the parties." Ex. A to Celtic's Opp., Rec. Doc. 58-1, p. 4 ¶ 13. Under Louisiana law,

> a contract is the law between the parties, and is read for its plain meaning. Thus, [] where the words of a contract are clear and explicit and lead to no absurd consequences, the contract's meaning and the intent of its parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence, such that, if a court finds the contract to be unambiguous, it may construe the intent from the face of the document-without considering extrinsic evidence-and enter judgment as a matter of law.

In re Liljeberg Enter., Inc., 304 F.3d 410, 439-40 (5th Cir. 2002). In the instant case, the language of the October Settlement Agreement was clear and unambiguous, as such, the Court did not have to consider extrinsic evidence and was able to make a determination as to the parties' intent from the face of the contract. The contract clearly indicated that the parties did not intend for email communications to amend or modify it as it

5

was the "entire understanding and agreement of the parties."[1] Thus, the Court finds that it did not err.

### B. Reopening of the Case

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any [] reasons that justifies relief." Fed. R. Civ. Proc. 60(b)(6). Specifically, courts have found that this rule "empowers a federal district court to reopen a dismissed suit due to a party's breach of a settlement agreement." Hernandez v. Companía Transatlantica, No. 96-0716, 1998 WL 241530, at *2 (E.D. La. May 7, 1998) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994)). The decision of whether or not to reopen a case is left to the discretion of the court. Trade Arbed, Inc. v. African Exp. MV, 941 F. Supp. 68, 70 (E.D. La. 1996).

---

[1] While the plain language of the October Settlement Agreement is sufficient to support the Court's finding, the Court also notes that at the time the Court considered its previous order, it also had a copy of the February Settlement Agreement before it. The parties' briefing explained that due to Justice's inability to comply with the February Settlement Agreement, the parties had entered into the October Settlement Agreement. Both of these agreements were signed by the parties, notarized, and were drafted in the same format. They manifested the clear intent of the parties to modify their legal arrangements. The email chain and affidavit that Justice references does not follow the pattern of negotiations between these parties, and it does not manifest any intent to be legally binding upon the parties. In particular, the Court notes that "a self-serving affidavit, without more evidence, will not defeat summary judgment." Sanchez v. Dallas/Fort Worth Int'l Airport Bd., 438 Fed. App'x. 343, 346-47 (5th Cir. 2011). Justice's affidavit was clearly self serving and unsupported by the evidence in this case, which shows that the email chain between the parties was not an amendment or modification of the October Settlement Agreement.

In the Court's previous Order and Reasons it found that enforcement of the settlement agreement and the claims arising from the agreement justified reopening this suit. The Court had jurisdiction to do so under its ancillary jurisdiction, by which it had retained jurisdiction over the settlement in this case. This decision was left to the Court's discretion, and the Court found that the best way to do so would be by allowing the parties to reopen the case to affirmatively brief the amounts of payment they thought were owed under the settlement agreements and related contracts. Ordering Celtic to return monies that no party disputes were originally owed under the very agreements that this Court is seeking to enforce is nonsensical and does not represent just terms for either party. The Court does not find that it has erred in its decision to reopen this case without restoring the parties to their presettlement position. Accordingly,

**IT IS ORDERED** that Justice's motion is **DENIED**.

New Orleans, Louisiana, this 30th day of May, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE