UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELTIC MARINE CORPORATION                   CIVIL ACTION

VERSUS                                      NO: 11-3005

JAMES C. JUSTICE COMPANIES,                 SECTION: "J"(2)
INC.

### ORDER & REASONS

Before the Court is Plaintiff Celtic Marine Corp. ("Celtic")'s
**Motion to Alter or Amend Partial Final Judgment (Rec. Doc. 123)**,
Defendant James C. Justice Companies, Inc. ("Justice")'s opposition
(Rec. Doc. 133), and Justice 's supplemental briefing (Rec. Doc.
142). Celtic's motion was set for hearing on January 29, 2014, on
the briefs. Having considered the motions and memoranda of counsel,
the record, and the applicable law, the Court finds that Celtic's
motion should be **GRANTED IN PART**  for the reasons set forth more
fully below.

### FACTS AND PROCEDURAL HISTORY

On December 7, 2011, Celtic filed suit against Justice for
breach of Guarantor's Agreements. Specifically, Celtic alleged that
Justice guaranteed all obligations owed to it by Kentucky Fuels
Corporation ("KFC"). Celtic asserts that KFC failed to fulfill its
obligations under a 2011 Service Agreement and a 2011 Spot Contract
and, therefore, by virtue of the Guarantor's Agreements, Justice is
responsible for past due freight, shortfall and liquidated damages,
demurrage, and other costs owed to Celtic.

On January 27, 2012, the parties advised the Court that they had reached a settlement agreement ("February Settlement Agreement"), and the Court issued an order of dismissal on February 7, 2012 which allowed the parties to seek enforcement of the compromise upon a showing of good cause if the compromise was not consummated within 120 days. Because of difficulties enforcing the agreement, Celtic asked for, and the Court granted, several extensions of this 120-day deadline. In October 2012, the parties entered into a second settlement ("October Settlement Agreement"), and the Court granted the parties 100 days to seek enforcement of the same.

The record shows that Justice paid the full amount ($2.2 million) contemplated in the October Settlement Agreement, but did not follow the installment schedule set forth therein. Accordingly, on January 11, 2013, Celtic Marine filed a motion to reopen litigation and a motion for summary judgment. The Court granted both motions, noting that, though it was clear that the October Settlement Agreement was breached, which allows Celtic to demand amounts owed under the February Settlement Agreement, it was unclear what amount was owed. Once the case was re-opened, Celtic filed a Motion for Entry of Judgment which the Court granted in part and denied in part. (Rec. Doc. 104) Consequently, on September 18, 2013, the Court entered a partial final judgment in favor of Celtic in the amount of $3,913,073.68. (Rec. Doc. 105) Justice filed a motion to alter or amend the original judgment on October

16, 2013, which the Court granted. (Rec. Doc. 120). The Court then entered an amended partial final judgment in favor of Celtic in the amount of $1,451,128.08. (Rec. Doc. 121). Celtic then filed the instant motion to alter or amend, and Justice opposed the motion. (Rec. Docs. 123, 133). On January 27, 2014, the Court ordered the parties to submit briefing on any and all remaining objections to the partial amended final judgment, and Justice filed such briefing on February 11, 2014. (Rec. Docs. 136, 142) Celtic did not submit any supplemental briefing.

## <u>LEGAL STANDARD</u>

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest

error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

### DISCUSSION

Celtic moves the Court to make two amendments to the Amended Partial Final Judgment dated November 26, 2013. First, it seeks to amend the amount of the money judgment based on an error in calculating the credit attributable to Justice for payments already received. Additionally, Celtic seeks to clarify the language in the judgment which summarizes the issues that Celtic and Justice may further litigate in future proceedings.

**A. Amendment to the Money Judgment**

It is agreed for the purposes of this motion only that, pursuant to the Court's Order and Reasons dated November 22, 2013 (Rec. Doc. 120) and the corresponding Amended Partial Final Judgment dated November 26, 2013 (Rec. Doc. 121), Justice owes the following amounts:

```
    $    965,317.76 in freight charges
    $  2,625,000.00 in shortfall
    $     34,263.50 in interest
+   $     26,546.82 in attorney's fees
    $  3,651,128.08 TOTAL
```

The parties further agree that Justice paid $2.2 million to Celtic in connection with the October 2012 Settlement Agreement. The parties disagree, however, as to how the $2.2 million payment should be credited to any amounts owed as a result of this litigation. When the Court entered its first partial final judgment in this matter, it failed to apply the credit in any way; therefore, Justice moved the Court to amend its first judgment. The Court granted the motion, finding that it erred in not applying the credit, and reduced the award by $2.2 million. Specifically, in arriving at the amount listed in the amended partial final judgment, the Court added the aforementioned amounts that Justice owed and deducted $2.2 million from the final amount:

```
    $    965,317.76 in freight charges
    $  2,625,000.00 in shortfall
    $     34,263.50 in interest
+   $     26,546.82 in attorney's fees
    $  3,651,128.08
-   $  2,200,000.00 credit
    $  1,451,128.08 TOTAL
```

Now, in its instant motion to alter or amend the judgment, Celtic argues that the Court erred in deducting the entire credit amount "off the top" of  amount owed by Justice. Instead, Celtic argues that the Court should have deducted the credit from each individual amount owed in accordance with how Celtic internally allocated Justice's $2.2 million payment to the various debts that are at issue in this litigation.  Specifically, Celtic advocates for the following computation:

|  | Amended Judgment | Credit Applied | Total Due |
|---|---|---|---|
| Demurrage | denied award | n/a | $0 |
| Freight | $965,317.76 | $965,317.76 | $0 |
| Shortfall | $2,625,000.00+ | $208,133.49 | $2,416,866.51 |
| Cover/Cleaning | denied award | n/a | $0 |
| Discount | denied award | n/a | $0 |
| Interest | $34,263.50 | $0 | $34,263.50 |
| Attorneys' Fees | $26,546.82 | $0 | $26,546.82 |
| TOTAL | $3,651,128.08 | $1,173,451.25 | $2,477,676.83 |

Using this calculation, $1,026,548.75 of the $2.2 million, which amount reflects Celtic's allocation of the credit to outstanding debts arising from cover charges and demurrage, would not be credited because the Court has not issued a judgment on cover charges and demurrage. In fact, in the instant litigation, Celtic only demands $672,000 in demurrage because it has already credited $1,025,700.00 of the settlement payment to the total

amount of demurrage that claims it is owed. Celtic points out that the Court has already ruled that its imputation of payment was proper; therefore, if the Court simply takes the $2.2 million off the top of the outstanding sums encompassed in the amended partial final judgment, without regard to how the credit was applied to the debts, the Court would be operating against its ruling that the imputation was proper. On the other hand, Justice argues that Celtic already advanced this argument and that the Court rejected it by deciding to deduct the entirety of the $2.2 million.

The Court finds that it improperly deducted the entire $2.2 million when it failed to consider that: (1) the Court already ruled that Celtic's imputation of payment was proper, and (2) that Celtic's $672,000 demand for demurrage already reflects the credit. To apply the credit in full at this time would essentially "double credit" Justice for certain sums. Therefore, the amended partial final judgment will be vacated and a second amended partial judgment[1] will be entered to reflect this error.

## B. Amendment of Language Concerning the February and October Settlement Agreements

Celtic also moves the Court to state more precisely in the Amended Partial Final Judgment that it may, in the future, advance its claims arising from the breach of the February and October Settlement Agreements. In support of this contention, Celtic points

---

[1]In its supplemental brief, Justice argues that the partial judgment should not be certified as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court rejects Justice's arguments, however, and the second amended partial final judgment will be expressly certified as a final, appealable judgment.

out that the Court stated in its March 26, 2013 Order and Reasons that the Court found that Justice must pay all remaining amounts owed under the February Settlement Agreement and related contracts. Justice argues that including a specific reference to a breach of the February Settlement Agreement would alter the Court's ruling in its September 2013 Order and Reasons (Rec. Doc. 104), which has not been amended by the Court. Specifically, Justice notes that the Court reserved ruling on the effect of Justice's breach of the October Settlement Agreement's acceleration clause and stating in the judgment the Justice breached the February Agreement is unwarranted.

The Court finds that the current language of the judgment is sufficiently clear and does not amount to a mistake of fact or law. The underlying basis for Celtic's claims is rooted in the Court's finding that the October Settlement Agreement was breached, and the current language represents this basis; therefore, the Court declines to amend the judgment in this respect.

Accordingly,

Celtic Marine Corporation's **Motion to Alter or Amend (Rec. Doc. 123)** is hereby **GRANTED IN PART AND DENIED IN PART**. The Court will issue a second amended partial final judgment in accordance with this order.

New Orleans, Louisiana, this 28th day of February, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE