UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CELTIC MARINE CORPORATION                CIVIL ACTION

VERSUS                                   NO: 11-3005

JAMES C. JUSTICE COMPANIES,              SECTION: "J"(2)
INC.


                          ORDER AND REASONS

   Before the Court is Celtic Marine Corporation ("Celtic")'s **Motion for Order Permitting Registration of Judgment for Enforcement in Other Districts (Rec. Doc. 186)** and James C. Justice Co. ("Justice")'s opposition thereto. (Rec. Doc. 187). The motion was set for hearing on July 16, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

                                  1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This litigation commenced when Celtic filed suit against Justice for breach of contract in 2011.[1] The matter was resolved in February 2012 via a settlement agreement. ( Rec. Doc. 9) Then, in October 2012, the parties entered another settlement agreement. In January 2013, alleging that Justice had breached the settlements, Celtic successfully moved the Court to re-open the matter to enforce the settlement agreements. (Rec. Docs. 11, 46) Once the Court re-opened litigation, Celtic filed a motion for entry of judgment wherein it demanded certain sums that can be divided into seven categories: demurrage, freight, shortfall, cover and cleaning charges, the "February discount," interest on past due invoices, and attorney's fees. In a partial final judgment, dated March 6, 2014, the Court entered a partial final judgment against Justice that resolved entirely the issues of freight and shortfall damages and partially resolved the issues of interest and attorney's fees (Rec. Doc. 145).

Justice filed a notice of appeal (Rec. Doc. 149) of the March 6, 2014, partial final judgment on April 3, 2014. Finding no reason to depart from the usual requirement that the judgment

---

[1] The Court is well-acquainted with the facts of this matter, thus only the pertinent facts are summarized. For a more thorough recitation of the facts, see the Court's Order and Reasons dated September 18, 2013. (Rec. Doc. 104)

2

debtor post a supersedeas bond to obtain a stay of the judgment's enforcement during an appeal's pendency, the Court on May 12, 2014, issued an order requiring Justice to post bond in the amount of the judgment plus twenty percent, which the court calculated to amount to $2,973,212.20. (Rec. Doc. 172) The Court gave Justice two weeks within which to post such bond, however, Justice has failed to do so.

On April 4, 2014, Celtic moved for summary judgment on unresolved issues of demurrage and cover/cleaning fees, the February discount, interest incurred on or after October 1, 2013, and further attorney's fees. (Rec. Doc. 152) The Court resolved those issues in its May 28, 2014, partial final judgment. (Rec. Doc. 177) Justice filed another notice of appeal (Rec. Doc. 185) on June 27, 2014, restating its intent to appeal the March 6, 2014 judgment and announcing an appeal of the May 28, 2014, judgment as well as additional orders.

Seeking to enforce the Court's judgments in its favor, on June 30, 2014, Celtic moved this Court for an order permitting registration of the March 6, 2014 (Rec. Doc. 145) and May 28, 2014 (Rec. Doc. 177) judgments in the district courts of "Kentucky, Virginia, West Virginia, South Carolina, as well as other states" in which Justice has assets. (Rec. Doc. 186)

3

Celtic's motion and Justice's opposition (Rec. Doc. 187) are the subject of this order.

## LEGAL STANDARD

Under 28 U.S.C. § 1963, a judgment creditor may register a district court's judgment for the recovery of money or property "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Id. Although the statute does not define "good cause," "[c]ourts have interpreted [it to require] 'a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" Hockerson-Halberstadt, Inc. v. Nike, Inc., No. CIV.A.91-1720, 2002 WL 511542, at *1 (E.D. La. Apr. 3, 2002) (citing Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997)). The judgment creditor may make the requisite "showing" of good cause by asserting in its motion that the judgment debtor lacks assets in the rendering district and has substantial assets in the registering district. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 373 (7th Cir. 1991)(finding that, in the absence of a bond, the moving party's assertions in its motion as to a lack of assets in the rendering district and

4

substantial property in other districts constituted "good cause"); Lear Siegler Servs. v. Ensil Int'l Corp., No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). A judgment debtor's refusal to post a supersedeas bond further supports the existence of good cause. See id.; Henckels & McCoy, Inc. v. Adochio, No. Civ. 94-3958, 1997 WL 535800, at *2 (E.D. Pa. July 31, 1997). A court's decision of whether there exists good cause to allow registration of a judgment not yet final by appeal lies in the court's discretion. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negrara, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002)(citing Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001)).

## DISCUSSION

Celtic moves the Court to permit registration of its March 6, 2014, and May 28, 2014, judgments in several districts. Celtic argues that good cause exists under 28 U.S.C. § 1963 because Justice failed to post the supersedeas bond to obtain a stay of the March 6, 2014, judgment; a search revealed no assets of Justice in Louisiana; and the search "show[ed] substantial assets of Justice in West Virginia, and that Justice may also have assets in Kentucky, Virginia, and South Carolina." Additionally,

Celtic notes that Justice has previously represented to this Court that it "is a financially secure company capable of paying" the judgment against it, which further suggests that it is possessed of substantial assets.

In opposition, Justice asserts that the Court lacks good cause. Justice stresses the general rule that only judgments that have become final by appeal or by expiration of the time for appeal may be registered for enforcement in other districts. The only exception to this rule, the "good cause" exception, exists "to protect judgment creditors from being prejudiced by the debtor's acts during the delay between judgment and completion of the appeal." That is, it protects judgment creditors from debtors who may conceal assets during the pendency of the appeal. Thus, according to Justice, where there are no allegations of wrongdoing or reasons to suspect future wrongdoing, there is no "good cause" to permit registration of the judgment before its finality by appeal.

The Court finds that there exists good cause to permit Celtic to register the March 6, 2014, and May 28, 2014, judgments in West Virginia, but finds no such good cause to permit registration in Kentucky, Virginia, South Carolina, and other states. Celtic has shown good cause for registration in West

Virginia. First, Justice failed to post a supersedeas bond as ordered by this Court to stay enforcement of the March 6, 2014, judgment. Second, Celtic asserts that a search for Justice assets in Louisiana has revealed nothing and indicates that Justice possesses substantial assets in West Virginia. Third, although allegations of wrongdoing would certainly support a finding of good cause, Celtic need not show such wrongdoing to prove good cause. Therefore, this Court will exercise its discretion to permit Celtic to register its March 6, 2014, and May 28, 2014, judgments in West Virginia.

First, Justice has failed to post a supersedeas bond as ordered by this Court to stay enforcement of the judgment pending an appeal. (Rec. Doc. 172) Courts have held that permission to register a judgment should be "deferred until after a judgment debtor refuses or fails to post a supersedeas bond." Lear Siegler Servs., 2010 WL 2594872, at *1. Justice had two weeks following this Court's May 12, 2014, order in which to post a supersedeas bond staying enforcement of the March 6, 2014 judgment. It did not do so. Although this Court did not issue an order requiring Justice to post a supersedeas bond following the May 28, 2014, judgment, it will not require Celtic to seek such an order before permitting registration when Justice's course of conduct

indicates such an effort by Celtic would be futile.

Second, Celtic asserts that Justice lacks assets in Louisiana and is possessed of substantial assets in West Virginia. In its opposition, Justice does not refute these assertions. The United States Court of Appeals for the Seventh Circuit has affirmed a finding of good cause based on similar statements. See Chicago Downs, 944 F.2d at 373. In Chicago Downs, the Seventh Circuit held that the district court did not abuse its discretion when it based its finding of good cause upon assertions in the judgment creditor's motion that the judgment debtor lacked assets in the rendering district and had substantial assets in the registering district. 944 F.2d at 371-72. Similarly, here, Celtic urged Justice's lack of assets in Louisiana and substantial assets in West Virginia in its motion. Additionally, Celtic noted Justice's own statements regarding its substantial assets while opposing the requirement of a supersedeas bond. Celtic has shown good cause to register the judgment in West Virginia. Although it is true that the judgment creditor in Chicago Downs also noted in its motion that it feared the judgment debtor would transfer or conceal assets, such a showing is not required to support a finding of good cause. See David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963

(West).

Third, contrary to Justice's arguments, a judgment creditor is not required to allege any wrongdoing on the part of the judgment debtor to show that good cause exists to permit registration of a judgment. See Lear Siegler Servs., 2010 WL 2594872, at *1. West's commentary to 28 U.S.C. § 1963 further supports this view, stating that requiring a judgment creditor to show that the judgment debtor would conceal assets to prevent enforcement would "require more evidence than it is fair to exact" on a judgment creditor who has already won on the merits. David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West). As such, Celtic has shown that good cause exists to permit registration of this Court's March 6, 2014, and May 28, 2014, judgments in West Virginia.

By contrast, Celtic has not shown that there exists good cause to register the judgments in Kentucky, Virginia, South Carolina, and other states in which Justice "may" have assets. Celtic has not indicated that it conducted any search revealing Justice assets in these states. Thus, it has not shown that Justice has substantial assets in those states. Consequently, it has not met its burden to show that there exists good cause to permit registration. See Jack Frost Labs., Inc., 951 F. Supp. at

52 (allowing registration only in the state in which judgment creditor showed the judgment debtor had substantial assets).

Accordingly,

**IT IS ORDERED** that Celtic Marine Corporation's **Motion for Order Permitting Registration of Judgment for Enforcement in Other Districts (Rec. Doc. 186)** is hereby **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Celtic's request for an order to register the March 6, 2014, and May 28, 2014 judgments in West Virginia. The Court **DENIES** Celtic's request for an order permitting registration in Kentucky, Virginia, South Carolina, and other states, but will allow Celtic to refile this motion upon a more convincing showing of good cause.

New Orleans, Louisiana, this 17th day of July, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE