UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELTIC MARINE CORPORATION | CIVIL ACTION |
| VERSUS | NO: 11-3005 |
| JAMES C. JUSTICE COMPANIES, INC. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is Celtic Marine Corporation (Celtic)'s **Motion for Order Permitting Registration of Judgment for Enforcement in Kentucky, Virginia, and South Carolina (Rec. Doc. 189)**, an Opposition (Rec. Doc. 192) by James C. Justice Co. (Justice) , and Celtic's Reply. (Rec. Doc. 197). Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation commenced when Celtic filed suit against Justice for breach of contract in 2011, which resulted in two partial judgments from this Court in favor of Celtic dated March 6, 2014, and May 28, 2014.[1] (Rec. Docs. 145, 177) Justice filed three appeals from this Court's judgments, but has not posted any

---

[1] The Court is well-acquainted with the facts of this matter, thus only the pertinent facts are summarized. For a more thorough recitation of the facts, see the Court's Order and Reasons dated September 18, 2013. (Rec. Doc. 104)

1

supersedeas bonds to obtain stays of this Court's judgments during the pendency of the appeals. (Rec. Doc. 189-1, p. 2)

Seeking to enforce the Court's judgments in its favor, on June 30, 2014, Celtic moved this Court for an order permitting registration of the March 6, 2014 (Rec. Doc. 145) and May 28, 2014 (Rec. Doc. 177) judgments in the district courts of "Kentucky, Virginia, West Virginia, South Carolina, as well as other states" in which Justice has assets. (Rec. Doc. 186) The Court granted Celtic's motion in part, permitting Celtic to register the judgment in West Virginia. The Court denied the motion in other respects, however, finding that Celtic failed to show good cause to register the judgment in the other states. (Rec. Doc. 188)

On July 29, 2014, the United States Court of Appeals for the Fifth Circuit affirmed this Court's summary judgment in favor of Celtic. (Rec. Docs. 193, 197) Justice's two other appeals remain pending in the Fifth Circuit, however, and the cases are set for hearing in late October 2014. (Rec. Doc. 197, pp. 1-2)

Celtic, still wishing to enforce this Court's judgments in its favor, reurged its Motion for an Order Permitting Registration of the Judgment in Kentucky, Virginia, and South Carolina. (Rec. Docs. 189) Justice opposed the motion (Rec. Doc.

192), and this Court granted Celtic leave to file a reply. (Rec. Docs. 196-97)

**LEGAL STANDARD**

Under 28 U.S.C. § 1963, a judgment creditor may register a district court's judgment for the recovery of money or property "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Id. Although the statute does not define "good cause," "[c]ourts have interpreted [it to require] 'a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" Hockerson-Halberstadt, Inc. v. Nike, Inc., No. CIV.A.91-1720, 2002 WL 511542, at *1 (E.D. La. Apr. 3, 2002) (citing Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997)). The judgment creditor may make the requisite "showing" of good cause by asserting in its motion that the judgment debtor lacks assets in the rendering district and has substantial assets in the registering district. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 373 (7th Cir. 1991)(finding that, in the absence of a bond, the moving party's assertions in its motion as to a lack of assets in the rendering district and

substantial property in other districts constituted "good cause"); Lear Siegler Servs. v. Ensil Int'l Corp., No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). A judgment debtor's refusal to post a supersedeas bond further supports the existence of good cause. See id.; Henckels & McCoy, Inc. v. Adochio, No. Civ. 94-3958, 1997 WL 535800, at *2 (E.D. Pa. July 31, 1997). A court's decision of whether there exists good cause to allow registration of a judgment not yet final by appeal lies in the court's discretion. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negrara, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002)(citing Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001)).

**DISCUSSION**

Celtic moves the Court to permit registration of its March 6, 2014, and May 28, 2014, judgments in the district courts of Kentucky, Virginia, and South Carolina. Celtic argues that good cause exists under 28 U.S.C. § 1963 because Justice failed to post the supersedeas bond to obtain a stay of any of this Court's judgments against them; a search revealed no assets of Justice in Louisiana; and the search "located substantial assets of Justice in Virginia and South Carolina" and assets of Justice's daughter

4

company, Kentucky Fuel Corporation (KFC), in Kentucky.

In opposition, Justice asserts that the Court lacks good cause. Justice stresses the general rule that only judgments that have become final by appeal or by expiration of the time for appeal may be registered for enforcement in other districts. Justice argues that the only exception to this rule, the "good cause" exception, does not apply here because Celtic has not shown that Justice possesses substantial assets in Virginia and South Carolina and the assets of Justice's affiliated entity, KFC, in Kentucky are irrelevant to the instant motion.

The Court finds that there exists good cause to permit Celtic to register the March 6, 2014, and May 28, 2014, judgments in Virginia, South Carolina, and Kentucky. First, Celtic asserts that Justice lacks assets in the rendering district, Louisiana. (Rec. Doc. 189, p. 3) Second, Celtic attests to Justice's substantial assets in the registering districts of Virginia and South Carolina as well as the substantial assets of KFC in Kentucky. Id. at 2-3. Justice does not refute these assertions. Instead, Justice argues that the statements Celtic provides in its motion regarding Justice's and KFC's substantial assets do not meet the standard under 28 U.S.C. § 1963. However, as the Court noted in its July 17, 2014, Order and Reasons (Rec. Doc.

188), that is not the case. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 371-72 (7th Cir. 1991). And although it is true that it is KFC that possesses substantial assets in Kentucky, this Court held KFC jointly liable with Justice for the sums owed to Celtic as a result of the March 6, 2014, and May 28, 2014, judgments. (13-6538, Rec. Doc. 59, pp. 10-11) Finally, Justice has not posted supersedeas bonds with relation to any of its appeals.[2] Therefore, this Court will exercise its discretion to permit Celtic to register its March 6, 2014, and May 28, 2014, judgments in Virginia, South Carolina, and Kentucky.

Accordingly,

**IT IS ORDERED** that Celtic Marine Corporation's **Motion for Order Permitting Registration of Judgment for Enforcement in Kentucky, Virginia, and South Carolina (Rec. Doc. 189)** is hereby **GRANTED**.

New Orleans, Louisiana, this 15th day of September, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] For a more thorough discussion of the relevancy of a party's failure to post bond, see this Court's July 17, 2014, Order and Reasons. (Rec. Doc. 188)